IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREG B., <br><br>              Plaintiff, <br><br> v. <br><br> MARTIN J. O'MALLEY, Commissioner of Social Security, <br><br>              Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case #4:23-cv-00022-PK <br><br> Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Greg B.'s appeal from the decision of the Social Security Administration denying his application for disability insurance benefits.[1] The Court AFFIRMS the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] Docket No. 12.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II. BACKGROUND

A.  PROCEDURAL HISTORY

On July 12, 2021, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on December 31, 2020.[8] The claim was denied initially and on reconsideration.[9] Plaintiff then requested a hearing before an ALJ, which was held on September 20, 2022.[10] On October 6, 2022, the ALJ found that Plaintiff was not disabled.[11] The Appeals Council denied review on February 8, 2023,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[13]

On March 20, 2023, Plaintiff filed his complaint in this case.[14] On March 20, 2023, both parties consented to a United States Magistrate Judge conducting all proceedings in the case,

---

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 177–80.

[9] *Id*. at 73–74.

[10] *Id.* at 29–66.

[11] *Id.* at 12–28.

[12] *Id.* at 1–6.

[13] 20 C.F.R. §§ 416.1481, 422.210(a).

[14] Docket No. 1.

including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15] The Commissioner filed an answer and the administrative record on May 23, 2023.[16]

Plaintiff filed his Opening Brief on June 22, 2023.[17] The Commissioner's Answer Brief was filed on September 21, 2023.[18] Plaintiff filed his Reply Brief on October 9, 2023.[19]

B.   MEDICAL EVIDENCE

Plaintiff sought disability based on six back surgeries, spinal fusions, chronic pain, radiculopathy, bilateral neuropathy, degenerative disc disease, compression fracture, high blood pressure, and congestive heart failure.[20] Plaintiff has sought medical care for back, knee, and hip pain for which he was prescribed joint injections.[21] Dr. Muir opined that this hip pain "severely impaired" Plaintiff's ability to engage in the following activities of daily living: bending, chores, exercise, range of motion, standing, twisting, and walking.[22] Plaintiff has also sought medical care for heart palpitations/dysfunction,[23] although the palpitations "are not limiting his daily activities and he is asymptomatic."[24] Plaintiff has been diagnosed with hand contractures.[25] He has also been

---

[15] Docket No. 5.

[16] Docket No. 11.

[17] Docket No. 12.

[18] Docket No. 18.

[19] Docket No. 20.

[20] R. at 67, 75, 201.

[21] *Id*. at 286, 324, 356, 622–23, 631, 641, 645–46.

[22] *Id*. at 641, 645–46.

[23] *Id*. at 73, 206, 233, 288, 290–92, 300, 335, 429, 483–84, 493–94, 504–05, 512, 556, 559–60, 564–66, 571, 577–78, 583–84, 590–91, 600, 608, 616.

[24] *Id*. at 559–60; *see also id*. at 519, 607.

[25] *Id*. at 286, 288, 622–23.

treated for difficulty urinating[26] although there is also evidence that Plaintiff denied having any bladder dysfunction.[27]

C.     HEARING TESTIMONY

At the hearing, Plaintiff testified that he was unable to work after breaking his back in 2020.[28] He testified that he had six back surgeries prior to that accident.[29] He also had surgery on his left shoulder.[30] Plaintiff testified that his back injuries make it difficult to sleep, stand, and sit, even with pain medication.[31] He testified that he spends most of his time in a recliner except to walk in the yard or to walk to the mailbox.[32] There was some mention at the hearing of Plaintiff suffering from some potential prostate problems, but Plaintiff did not elaborate on the condition or how it impacts his activities of daily living.[33] Plaintiff testified that he suffers from high blood pressure[34] and hip pain.[35] He also testified that doctors told him he has Dupuytren contractures in his left hand, but that it wasn't to a point where the doctors wanted to do anything with his hand.[36]

---

[26] *Id*. at 623.
[27] *Id*. at 318, 540.
[28] *Id*. at 48.
[29] *Id*.
[30] *Id*. at 48, 50.
[31] *Id*. at 49, 52, 53.
[32] *Id*. at 50–51.
[33] *Id*. at 51.
[34] *Id*. at 51–52.
[35] *Id*. at 51, 52, 54–55.
[36] *Id*. at 52–53.

D.  THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 31, 2020, the alleged onset date.[37] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: left shoulder internal derangement status post repair, lumbar degenerative disc disease, thoracic degenerative disc disease with compression fracture, and cervical degenerative disc disease.[38] At step three, the ALJ found that Plaintiff did not meet or equal a listed impairment.[39] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain restrictions,[40] although these restrictions changed on January 1, 2021.[41] At step four, the ALJ concluded that Plaintiff had past relevant work as a door-to-door salesman, a bus service sales agent, an assembly operator, and a hardware salesman.[42] The ALJ concluded that Plaintiff's RFC did not preclude performance of those work-related activities.[43]  Since the ALJ concluded that Plaintiff could perform his past relevant work, he concluded that Plaintiff was not disabled and did not reach step five.[44]

---

[37] *Id.* at 17.
[38] *Id.* at 17–18.
[39] *Id.* at 18.
[40] *Id*. at 18–21.
[41] *Id.* at 18–23.
[42] *Id.* at 23.
[43] *Id.* at 23–24.
[44] *Id.*

III. DISCUSSION

Plaintiff argues that the ALJ erred by failing to properly consider all of Plaintiff's severe impairments or include them (even if not severe) as limitations in Plaintiff's RFC. These impairments/limitations include hip arthritis, urinary dysfunction, hand contractures, and cardiac dysfunction.

At step two of the sequential evaluation, the issue is whether the claimant suffers from at least one "severe" medically determinable impairment. Here, the ALJ found that Plaintiff's severe impairments were left shoulder internal derangement status post repair, lumbar degenerative disc disease, thoracic degenerative disc disease with compression fracture, and cervical degenerative disc disease.[45] Plaintiff argues that the ALJ erred in failing to find Plaintiff's hip arthritis, urinary dysfunction, hand contractures, and cardiac issues were severe impairments.

An impairment is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."[46] A claimant must make only a de minimis showing for his claim to advance beyond step two of the analysis.[47] However, "a showing of the mere presence of a condition is not sufficient."[48] Thus, "if the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities . . . the impairments do not prevent the claimant from engaging in substantial gainful activity."[49] "If the claimant is unable to show that his impairments would have

---

[45] *Id.* at 17–18.

[46] 20 C.F.R. §§ 404.1520(c), 416.920(c).

[47] *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004).

[48] *Cowan v. Astrue*, 552 F.3d 1182, 1186 (10th Cir. 2008).

[49] *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits."[50]

Considering each of Plaintiff's claimed severe impairments in turn, it appears that although Plaintiff may suffer from these additional health conditions, they are not "severe."

First, there are only 13 places in the administrative record that address Plaintiff's hip pain. Although this may be sufficient to show the presence of a hip condition, it is not enough to be "severe." There are several places in the record where Plaintiff denies having arthritis, and only one provider opined that this hip pain severely impaired Plaintiff's ability to engage in activities.[51] Thus, there is substantial evidence to support the ALJ's decision to not include Plaintiff's hip pain/arthritis as a severe impairment. To the extent that the ALJ erred at step two by failing to more adequately discuss Plaintiff's hip pain, any error is harmless because the ALJ found other severe impairments and continued the analysis.[52]

Second, there are only two references to urinary dysfunction in the administrative record. This is insufficient to constitute a "severe" impairment because even if this is a legitimate condition, there is no evidence in the record that such a condition impacts Plaintiff's activities of daily living or his work activities. Further, while Plaintiff argues that the ALJ failed to

---

[50] *Id.*

[51] R. at 641, 645–46.

[52] *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.").

acknowledge Plaintiff's complaints of urinary difficulty, the ALJ noted that Plaintiff denied any bladder dysfunction.[53] And, as stated, any error at step two was harmless.

Third, the administrative record has scant evidence of hand contractures; only six references exist. The ALJ considered Plaintiff's possible Dupreyton's contracture diagnosis and determined that it was "not established as a medically determinable impairment."[54] The medical evidence in the record supports this finding; there is no evidence that these hand contractures impacted Plaintiff's ability to engage in work activities. To conclude otherwise would require this Court to reweigh the medical evidence, which is impermissible.

The final impairment is a closer call. There are approximately 30 references to cardiac dysfunction in the record. But the ALJ considered Plaintiff's congestive heart failure and related symptoms and he determined that it was not a severe impairment based on the medical evidence. Plaintiff is essentially asking this Court to reweigh the evidence; something it cannot do.

The fact that these issues were not severe impairments does not end the inquiry. In assessing a claimant's RFC, "the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not."[55] Here, the ALJ considered Plaintiff's congestive heart failure and related symptoms when determining Plaintiff's RFC. From this, the Court concludes that the ALJ did consider Plaintiff's cardiac issues in determining Plaintiff's

---

[53] R. at 20.

[54] *Id*. at 18.

[55] *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013).

residual functional capacity.[56] Because there is no evidence that Plaintiff's cardiac issues support a finding of functional limitations, the Court finds that the ALJ's conclusion in that regard is supported by substantial evidence. The same is true for Plaintiff's other impairments. As discussed, there is no evidence that any of these impairments resulted in any work-related limitations. Therefore, reversal is not required on this ground.

## IV. CONCLUSION

Having made a thorough review of the entire record, the Court AFFIRMS the Commissioner's decision.

DATED this 27th day of February, 2024.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[56] *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) ("Where, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at [his] word.") (internal quotation marks omitted).